This is an appeal from a Meigs County Common Pleas Court judgment. The trial court found that Bailey J. Dugan, defendant below and appellant herein, violated the terms of the community control sanctions and conditions that the court previously had imposed for appellant's conviction of driving while under the influence, in violation of R.C. 4511.19(A)(1), a fourth degree felony.[1] As a result of appellant's violation, the trial court reinstated appellant's original sentence of twelve months of local incarceration. The trial court did not credit appellant's sentence with the time he spent at the Southeast Probationary Treatment Alternative Center ("SEPTA").
Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT CREDIT FOR TIME SPENT AT THE SOUTHEAST PROBATION AND TREATMENT ALTERNATIVE IN NELSONVILLE, OHIO, A COMMUNITY-BASED CORRECTIONAL FACILITY."
Our review of the record reveals the following facts pertinent to the instant appeal. After appellant pleaded guilty to the charge of operating a motor vehicle while under the influence, a fourth degree felony, the trial court sentenced appellant "to local jail of twelve (12) months." The trial court's sentencing entry further stated that: "The twelve months of jail shall be suspended upon the following: the Defendant shall serve a total of sixty (60) days in jail, with credit for all time previously served being 53 days and the Defendant successfully enter and complete the SEPTA Center Program * * *."
At the sentencing hearing, the trial court fully ascertained that appellant understood that violation of the conditions of his community control would result in the maximum possible sentence permissible by law. The court informed appellant:
 "* * * Right now, I'm not giving you jail, I'm not giving you credit for SEPTA. Any time you do in SEPTA is, uh, as I understand it voluntarily compliance with the terms of probation. And if you violate those terms of probation, I'm going to impose as much sentence as I can because you've been . . . At least you got the fifth DUI dismissed as a result of the plea-bargain agreement. So, you need to sober up is basically what I'm saying. You need to have a hammer over your head and I'm trying to put that hammer over your head, if I can. * * *"[2]
On March 3, 1999, the state filed a motion to revoke appellant's community control and to reimpose the original sentence of twelve months of local incarceration. At the initial hearing on appellant's community control violations, the court informed appellant that "[t]he maximum possible sentence * * * would be whatever time you have left on your original sentence."
On March 16, 1999, the trial court held a hearing regarding appellant's alleged community control violations. Appellant admitted to violating the terms and conditions of the community control. The trial court advised appellant that it would reinstate the original sentence of twelve months local incarceration, less any time previously spent in local incarceration.
Appellant argued that the trial court should afford him credit for the time he spent in SEPTA. The prosecutor essentially acquiesced.
On March 22, 1999, the trial court reimposed the original sentence of twelve months local incarceration. The trial court credited appellant with the time he previously spent in the local jail, but did not credit appellant with the time he spent in SEPTA. Appellant filed a timely notice of appeal.[3]
In his sole assignment of error, appellant complains that the trial court erred by failing to credit appellant with the time he spent at SEPTA, a community-based correctional facility. We note that the state concedes appellant's argument is correct. We agree with appellant and the state that the trial court should have credited appellant with the time he spent in SEPTA.
We initially note that when reviewing a trial court's decision regarding sentencing, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); see, also, Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16. Although we recognize that the foregoing standard commonly applies to the trial court's imposition of the original sentence, we believe the standard also applies when reviewing the trial court's decision to reinstate the original sentence due to a violation of community control.
It is well-established that a trial court must credit a defendant's sentence for time spent in confinement for any reason arising out of the offense for which the sentence originally was imposed. See, generally, State v. Nagle (1986), 23 Ohio St.3d 185, 293 N.E.2d 158, syllabus. See, also, R.C. 2967.191[4].
This court previously has determined that SEPTA, a community based correctional facility, qualifies as a place of confinement, and that a defendant must receive credit for the time he spends in SEPTA. See State v. Curry (Jan. 25, 1999), Washington App. No. 97 CA 46, unreported (stating that under the changes effected by Senate Bill 2, a defendant is entitled to have his sentence credited with time spent at SEPTA);[5] State v. Cooper (May 28, 1997), Meigs App. No. 96 CA 28, unreported (stating that under the law in effect prior to Senate Bill 2, SEPTA qualifies under R.C. 2967.191 as a community based correctional facility for which credit must be given); State v. Minshall (Apr. 23, 1997), Meigs App. No. 96 CA 19, unreported (same); State v. Reed (Apr. 14, 1997), Meigs App. No. 96 CA 21, unreported (same)
In Curry, supra, we concluded that a trial court must credit a defendant for the time that he spends at SEPTA, despite the General Assembly's amendment of R.C. 2967.191 omitting the reference to community based correctional facilities. We stated:
 "It has long been the law and a well-established principle that a defendant must receive credit on his sentence for any time spent in incarceration as a result of the crime for which he was convicted.
 This court has followed this principle and has held that a defendant is entitled to credit for time served in SEPTA. In State v. Cooper (May 28, 1997), Meigs App. No. 96 CA 28, unreported, this court held,
 `We note that our court has recently resolved this issue. In State v. Flynn (Mar. 13, 1997), Meigs App. No. 96 CA 10, unreported, we found that the SEPTA Center qualifies under R.C. 2967.191 as a community based correctional facility and accordingly held that the Ohio General Assembly intended for defendants in appellant's position to receive credit for time spent there. * * *.' * * * *
 In contravention of appellant's claim that he should be given credit for the time served at SEPTA, appellee contends that R.C. 2967.191 was amended, removing the language relating to community correction facilities, so that such credit is no longer required. * * *.
 [Community based correctional facilities] are places of confinement and detention, in a word, jails. A person confined in a community correctional facility is entitled to credit for time served there as much as any other person confined in anywhere else. To the extent that the amendment to R.C. 2967.191 attempts to deny prisoners credit on their sentences for time served in community correctional facilities, it is unconstitutional."
Several other appellate districts also have determined that a defendant must receive credit for the time served in a community based correctional facility. See, e.g., State v.Peters (May 13, 1999), Licking App. Nos. 98 CA 118 and 98 CA 119, unreported; State v. Rice (July 2, 1999), Licking App. No. 99 CA 19, unreported; State v. Corbin (Mar. 8, 1999), Paulding App. No. 12-98-9, unreported; State v. Hines (Feb. 8, 1999), Auglaize App. No. 2-98-11, unreported; State v. Giles (Mar. 29, 1996), Erie App. No. E-95-047, unreported.
Thus, based upon the foregoing principles, we believe that the trial court was required to credit appellant's sentence for the time he spent at SEPTA. By denying appellant credit for the time spent at SEPTA, the trial court imposed a sentence greater than that permitted by law. See State v. Ferguson (Aug. 19, 1999), Pickaway App. No. 99 CA 6, unreported (stating that the revised code treats, for sentencing purposes, a first-time fourth-degree felony OMVI offense differently from other fourth-degree felony offenses and that pursuant to R.C. 2929.13(G)(1) and 2929.16(A)(3), the maximum term of confinement[6] is one year); see, also, State v. Mayer (Aug. 26, 1999), Cuyahoga App. No. 75639, unreported (stating that the maximum term of confinement for a first-time fourth-degree felony OMVI offense is one year)
Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error, and reverse and remand the trial court's judgment.
JUDGMENT REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only
Evans, J. : Concurs in Judgment Opinion
For the Court
By: Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] R.C. 4511.99(A)(4)(a) provides that a defendant's fourth R.C. 4511.19(A) offense within six years constitutes a fourth degree felony.
[2] Although the trial court refers to "probation," we note that Am.Sub.S.B. 2, which significantly amended Ohio's felony sentencing laws, no longer uses the term "probation." See Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.)394 428, Sections T5.2 T5.39; see, also, State v. Gilliam (June 10, 1999), Lawrence App. No. 98 CA 30, unreported, at n. 3. Instead, Senate Bill 2 permits a trial court to impose "community control sanctions." As we explained in State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98 CA 29, unreported:
 "Prior to 1995, judges treated probation as a contract for leniency, imposing but suspending a prison sentence and conditioning it on good behavior. * * * If an offender violated the terms of her probation, the judge could properly impose the suspended prison sentence.
 Under Senate Bill 2, community control sanctions are not a contract for good behavior that is automatically punishable by prison if violated. When imposing punishment for a violation of a community control sanction, a court cannot punish the offender again for the crime that gave rise to the community control sanction. Rather, the court must sentence the offender for violating the community control sanction, and impose a sentence that is commensurate with the seriousness of the violation and adequately protects `the public from future crime by the offender and others.' Id."
(Citation omitted).
[3] On May 13, 1999, appellant filed a motion for judicial release. On June 1, 1999, the trial court denied the motion, stating: "By specifying serving the mandatory sixty (60) days in jail instead of a community based correctional facility, the Court opted to not grant the Defendant credit for time spent in SEPTA."
[4] R.C. 2967.191 provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
[5] Prior to July 1, 1996, R.C. 2967.191 specified that credit must be given for time spent in a community based correctional facility. Senate Bill 2, effective July 1, 1996, omitted the reference to a community based correctional facility.
[6] We recognize that a first-time fourth-degree felony OMVI offender may be sentenced to a total of five years community control. Our statement that a first-time fourth-degree felony OMVI offender may only be "confined" for a maximum term of one year must be considered in light of the meaning of "confined." In Nagle, supra, the court described "confinement" as follows:
 " [T]he legislative view of confinement includes `confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence.' It is instructive to note that in none of these specified circumstances may the defendant leave official custody of his own volition."
Id., 23 Ohio St.3d at 186, 492 N.E.2d at 159.
Thus, our opinion should not be construed to mean that a trial court is prohibited from sentencing a first-time fourth-degree felony OMVI offender to five years of community control. The court must ensure, however, that only one year, at most, constitutes "confinement."